IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DeANDRE D. CURRINGTON, | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 1:23-CV-457-ECM-KFP |
| WALLY OLSON, et al., | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.    INTRODUCTION**

Plaintiff DeAndre Currington, an inmate proceeding pro se and in forma pauperis, is confined at the Dale County Jail in Ozark, Alabama. Currington filed this action against Dale County Sheriff Mason Bynum and former Dale County Sheriff Wally Olson using this Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. 1. After review and consideration of the Complaint, the undersigned RECOMMENDS that this case be DISMISSED for the reasons set forth below.

**II.    STANDARD OF REVIEW**

Because Currington was granted leave to proceed in forma pauperis (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

## III. THE COMPLAINT

Currington was a passenger in Joshua Fee's vehicle when it was pulled over by a Dale County deputy sheriff. Doc. 1 at 3. Fee informed the deputy sheriff that he did not have a driver's license. *Id*. Fee was also operating his vehicle without a car tag or car insurance. *Id.* After finding a syringe on Fee and "meth" in his vehicle, the deputy sheriff gave Fee a verbal warning and released him. *Id.* Currington, however, complains he was charged with possession of meth, arrested, and placed in the Dale County Jail. *Id.* For relief,

Currington seeks $250,000 for false imprisonment and a violation of his right to equal protection. *Id.* at 2, 4. According to the Complaint, the incident occurred in 2018. *Id.* at 2.

## IV. DISCUSSION

The statute of limitations is usually raised as an affirmative defense. In an action proceeding in forma pauperis under § 1983, a court may consider affirmative defenses apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali*, 892 F.2d 438. "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at 640 n.2 (citation omitted); *Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (same).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (*citing* Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*citing Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

By Currington's own admission, the events described in the Complaint occurred in 2018. However, he did not file this action until July 13, 2023,[1] more than three years after the limitations period expired. Thus, it is clear from the face of the Complaint that this action is time barred and due to be dismissed. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) (stating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

## V.  CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that Plaintiff's Complaint be DISMISSED with prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(i) as time barred.

Further, it is ORDERED that by **August 25, 2023**, the parties may file written objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

---

[1] The Court considers July 13, 2023, to be the filing date of the Complaint. Although the Clerk stamped the Complaint "filed" on August 2, 2023, Plaintiff signed his Complaint on July 13, 2023, and a pro se inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

Done this 11th day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE