IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DeANDRE D. CURRINGTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACT. NO. 1:23-cv-457-ECM |
| ) | [WO] |
| WALLY OLSON, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

On August 11, 2023, the Magistrate Judge entered a Recommendation that the Plaintiff's 42 U.S.C. § 1983 action be dismissed with prejudice as barred by the statute of limitations. (Doc. 4). The Plaintiff filed objections to the Recommendation. (Doc. 7). After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed.

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990).

However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

The Magistrate Judge recommends that this action be dismissed because it is barred by the statute of limitations. The Plaintiff's complaint was filed on July 13, 2023. (Doc. 1). In the complaint, the Plaintiff brings claims pursuant to 42 U.S.C. § 1983 arising out of his arrest in 2018. The Magistrate Judge concluded that the applicable statute of limitation is two years and that the limitations period in § 1983 actions begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." (Doc. 4 at 3 (quoting *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003)). The Plaintiff does not challenge either of these legal conclusions.

The Plaintiff does argue, however, that his claims are not time-barred because he previously filed a lawsuit in 2018 (*see Currington v. Olson*, 1:18-cv-150-RAH (M.D. Ala.)) challenging the same events as presented in the instant case, and that his certiorari petition to the United States Supreme Court in the prior case was only denied on May 30, 2023. Based on his prior lawsuit, however, it is apparent that the Plaintiff was aware of the facts

supporting his claims in the instant case in 2018—more than two years before he filed the instant case.

To the extent the Plaintiff's objection can be construed as an argument that the limitations period was equitably tolled while he pursued an appeal in his prior case (*Currington*, 1:18-cv-150), this argument is unavailing. The limitations period for federal claims may be equitably tolled when a litigant demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 971 (11th Cir. 2016) (en banc) (quoting *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016)). Equitable tolling applies only in truly extraordinary circumstances. *See Jones v. United States*, 304 F.3d 1035, 1039–40 (11th Cir. 2002). The plaintiff bears the burden of establishing that equitable tolling is warranted. *See Villarreal*, 839 F.3d at 971.

On this record, the Plaintiff's pursuit of post-judgment proceedings in his prior case (*Currington*, 1:18-cv-150) fails to establish any impediment to his ability to file a timely action. Because the Plaintiff has not demonstrated any basis for equitable tolling, the two-year limitations period applicable to his claims expired prior to his filing this action. Consequently, this action is time-barred.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows that:

1. The Plaintiff's objections (doc. 7) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 4) is ADOPTED;

3

3.  This case is DISMISSED with prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(B)(2)(i) and (iii).

A separate Final Judgment will enter.

DONE this 18th day of September, 2023.

                                          /s/ Emily C. Marks  
                                 EMILY C. MARKS  
                                 CHIEF UNITED STATES DISTRICT JUDGE